70 F.3d 1290
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
William H. WEATHERSPOON, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 95-3343.
 United States Court of Appeals, Federal Circuit.
 Nov. 17, 1995.
 
 Before MAYER, Circuit Judge, COWEN, Senior Circuit Judge, and CLEVENGER, Circuit Judge.
 PER CURIAM.
 
 
 1
 William H. Weatherspoon petitions for review of an initial decision of the Merit Systems Protection Board, No. DC831M940549-I-1 (Oct. 18, 1994), modifying the Office of Personnel Management's decision affirming the denial of his request for a waiver of an overpayment of annuity benefits under the Civil Service Retirement System. OPM denied his request on the ground that he was not without fault in the overpayment, because he had indicated on his retirement application that he was not married when in fact he was. OPM also found that he did not satisfy the requirements for waiver of spousal consent to his election of an unreduced annuity and his later election of an alternative annuity with lump sum payment. The board affirmed the Office of Personnel Management's decision that Weatherspoon is liable for overpayment, but modified his payment schedule by reducing his monthly payments due to his financial condition. The board's decision became final on February 2, 1995, when the full board denied his petition for review. We affirm.
 
 
 2
 We review the board's decisions under a narrow standard. We must affirm a decision of the board unless it is demonstrated to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1994).
 
 
 3
 The relevant statute provides that the annuity for an employee who is married at the time of retiring must be reduced "in order to provide a survivor annuity for the spouse ..., unless the employee ... and the spouse jointly waive the spouse's right to a survivor annuity in a written election filed with the Office at the time that the employee ... retires." 5 U.S.C. Sec. 8339(j)(1) (1994). Such election is irrevocable, and "[t]he Office shall provide, by regulation, that an employee ... may waive the survivor annuity without the spouse's consent if the employee ... establishes to the satisfaction of the Office--(A) that the spouse's whereabouts cannot be determined, or (B) that, due to exceptional circumstances, requiring the employee ... to seek the spouse's consent would otherwise be inappropriate." Id. An employee who is married at the time of retirement may not elect an alternative form of an annuity unless he satisfies the waiver requirements of section 8339(j)(1). 5 U.S.C. Sec. 8343a(d)(1) (1994).
 
 
 4
 Weatherspoon argues that the board erred when it failed to consider and apply the evidence he submitted to support his argument that he satisfied the requirements for waiver of spousal consent. We disagree. Under the applicable regulation, a request for waiver of spousal consent on the basis that the spouse's whereabouts cannot be determined "must be accompanied by--(1) A judicial determination that the spouse's whereabouts cannot be determined; or (2) Affidavits by the employee ... and two other persons, at least one of whom is not related to the employee ..., attesting to the inability to locate the current spouse and stating the efforts made to locate the spouse," along with documentary corroboration "such as tax returns filed separately or newspaper stories about the spouse's disappearance." 5 C.F.R. Sec. 831.618 (1995). The board's decision shows thorough consideration of the evidence submitted by Weatherspoon. Moreover, it is undisputed that he did not follow the statutory and regulatory procedures for obtaining a waiver of spousal consent. Nor do we agree with him that the board's decision is based on an erroneous interpretation of the statute and regulations. Because Weatherspoon has demonstrated no reversible error in the board's decision, its denial of his request for waiver of the overpayment amount must be sustained.